IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **YVETTE GRIFFIN,** individually, and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>**THE BALTIMORE LIFE INSURANCE COMPANY**, a Maryland Corporation,<br><br>    *Defendant.* | Case No. 1:20-cv-00476-ELH |

# THIRD PARTY COMPLAINT

Defendant/Third-Party Plaintiff, The Baltimore Life Insurance Company ("Baltimore Life"), pursuant to Federal Rule of Civil Procedure 14, hereby files this Third Party Complaint against Third-Party Defendants, Q3M Insurance Solutions, LLC, Robert Hudson, and Artreanua Carr (hereinafter collectively referred to as "Third-Party Defendants"), and states as follows:

## THE PARTIES

1. Plaintiff Yvette Griffin ("Plaintiff" or "Griffin") is a natural person and resident of East Point, Fulton County, Georgia.

2. Defendant/Third Party Plaintiff Baltimore Life is a corporation incorporated and existing under the laws of the State of Maryland with its headquarters located at 10075 Red Run Road, Owings Mills, Maryland 21117.

3. Third-Party Defendant Q3M Insurance Solutions, LLC ("Q3M") is a corporation incorporated and existing under the laws of the State of North Carolina with a principal address of 16415 Northcross Dr., Ste. F, Huntersville, NC 28078.

4. Third-Party Defendant Robert Hudson ("Hudson") is a natural person and resident of Charlotte, Mecklenburg County, North Carolina.

5. Third-Party Defendant Artreanua Carr ("Carr") is a natural person and resident of Kannapolis, Cabarrus County, North Carolina.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1367 because the state law claims asserted here are within the Court's supplemental jurisdiction, as the third-party claims are related to the suit based on federal question jurisdiction arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

7. This Court has personal jurisdiction over the Third Party Defendants by virtue of contractually agreed forum selection clauses found in the General Agency Contract and Sub-Agent Contract, which clauses affirmatively states that the contracts are governed by the Laws of the State of Maryland and each party hereto agrees to accept service of process in and to submit to the jurisdiction of the federal or state courts located within the State of Maryland for any matter involving this Contract.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a defendant resides in this district and a substantial part of the events or omissions giving rise to the claim occurred in this District.

**FACTUAL BACKGROUND**

9. Baltimore Life is an insurance company that sells consumers various types of insurance products, namely life insurance. Baltimore Life has engaged in a contractual relationship with the Third-Party Defendants for assistance in marketing those policies.

10. Co-Defendants, and their "agents" and "sub-agents" generate leads for Baltimore Life – directing consumers interested in life insurance to Baltimore Life.

11. At all material times, Co-Defendants and their agents and sub-agents were contractually obligated to comply with all applicable laws when contacting consumers and to

2

82984172v.2

refrain from using any Automated Telephone Dialing System ("ATDS") or predictive dialer to sell Baltimore Life products.

12. Plaintiff, individually and on behalf of all others similarly situated, brought the underlying action asserting claims against Baltimore Life alleging violations of the TCPA and the Maryland Telephone Consumer Protection Act, Md. Code Ann. Com. Law § 14-3201, *et. Seq.* ("MTCPA"). *See* Class Action Complaint (ECF No. 1) ("Complaint").

13. Plaintiff's Complaint claims that Baltimore Life violated the TCPA and MTCPA by making unsolicited telephone calls to Plaintiff using an ATDS without prior express consent.

14. Baltimore Life disputes and continues to deny these claims and allegations.

15. Baltimore Life did not make any calls to Plaintiff and indeed does not make such alleged marketing "cold calls." Rather, Baltimore Life contracted with the Third-Party Defendants and similar independent contractors regarding the lawful marketing of its products.

16. Accordingly, to the extent that Baltimore Life is found to be liable Plaintiff for damages arising from any of the claims asserted in the Complaint, which are denied, Third-Party Defendants are liable, in whole or in part, for such damages.

17. On or about March 13, 2018, Hudson, Vice President of Q3M, entered into a General Agent Contract with The Baltimore Life Insurance Company on Q3M's behalf. A true and correct copy of the General Agent Contract is attached as Exhibit A.

18. Pursuant to Paragraph II(j) of the General Agent Contract, Hudson and Q3M agreed to "[c]onform to all applicable laws and regulations governing the solicitation, sale and servicing of life insurance, health insurance and annuities." And pursuant to Paragraph III(g), as included in the "Amendment to All Baltimore Life Contracts," Hudson agreed not to "[u]se or permit on behalf of the Company an auto-dialer device for any means, or use or permit on behalf of the

Company a predictive dialer device without the prior written approval from the Company." Finally, pursuant to Paragraph VI(h), Hudson agreed to "hold harmless, defend (with counsel reasonably acceptable to the Company) and indemnify the Company against any claims…which the company may suffer or incur as a result of any breach of this Contract or any negligent, fraudulent, or unauthorized act, or error or omission, of you, any of your employees, agents, officers, or sub-agents."

19. On or about May 11, 2018, Carr entered into a Sub-Agent Contract with The Baltimore Life Insurance Company. A true and correct copy of the Sub-Agent Contract is attached as Exhibit B.

20. Pursuant to Paragraph II(j) of the General Agent Contract, Carr and Q3M agreed to "[c]onform to all applicable laws and regulations governing the solicitation, sale and servicing of life insurance, health insurance and annuities." And pursuant to Paragraph III(g), as included in the "Amendment to All Baltimore Life Contracts," Hudson agreed not to "[u]se or permit on behalf of the Company an auto-dialer device for any means, or use or permit on behalf of the Company a predictive dialer device without the prior written approval from the Company." Finally, pursuant to Paragraph VI(h), Hudson agreed to "hold harmless, defend (with counsel reasonably acceptable to the Company) and indemnify the Company against any claims…which the company may suffer or incur as a result of any breach of this Contract or any negligent, fraudulent, or unauthorized act, or error or omission, of you, any of your employees, agents, or officers."

21. Pursuant to their contractual and common law obligations to Baltimore Life, Third-Party Defendants had a duty and an obligation to comply with the TCPA and MTCPA.

22. Pursuant to their contractual and common law obligations to Baltimore Life, Third-Party Defendants have a duty to defend and indemnify Baltimore Life from any "claims" against

4

82984172v.2

Baltimore Life arising from the conduct of the Third-Party Defendants, including Plaintiff's claim that Baltimore Life allegedly violated the TCPA and MTCPA, regardless of whether such claims are ultimately determined to be valid.

23. Baltimore Life placed Third-Party Defendants on notice and requested a defense and indemnification pursuant to the relevant contracts between the parties. Third-Party Defendants have refused to defend or to indemnify Baltimore Life to date.

## FIRST CAUSE OF ACTION
### Contractual Indemnity against Q3M Insurance Solutions, LLC

24. Baltimore Life incorporates the foregoing allegations as if fully set forth herein.

25. Q3M, through its agents, entered into a General Agent Contract and Sub-Agent Contract with Baltimore Life requiring Q3M to indemnify Baltimore Life against any claims which Baltimore Life may incur as a result of any negligent, fraudulent, or unauthorized act, or error or omission of Q3M or any of its employees, agents, or officers.

26. Q3M and its agents warranted in its agreements with Baltimore Life that it would conform to all applicable laws and regulations governing the solicitation, sale and servicing of life insurance, health insurance and annuities and that it would not use or permit on behalf of Baltimore Life an auto-dialer device for any means, or use or permit on behalf of Baltimore Life a predictive dialer device without the prior written approval from the Baltimore Life.

27. Baltimore Life has performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of its agreements with Q3M and its agents.

28. Plaintiff claims Baltimore Life violated the TCPA and MTCPA as alleged in the Complaint.

82984172v.2

29. Baltimore Life denies that it is responsible for violating the TCPA and MTCPA, and the claims of the Plaintiff in the Complaint as violating the TCPA and MTCPA were the responsibility of Q3M and its agents.

30. Baltimore Life has incurred and continues to incur defense costs arising from Plaintiff's claims, for which Q3M is responsible.

31. Pursuant to the General Agent Contract and Sub-Agent Contract, Baltimore Life is entitled to a defense of this action by Q3M and to be reimbursed for all fees and expenses Baltimore Life incurs in the course of defending against this action.

32. Pursuant to the General Agent Contract and Sub-Agent Contract, to the extent that Baltimore Life is found liable to Plaintiff for damages arising from any of the claims asserted in the Complaint, which Baltimore Life denies, Q3M is liable to Baltimore Life for such damages.

## SECOND CAUSE OF ACTION
### Contractual Indemnity against Robert Hudson

33. Baltimore Life incorporates the foregoing allegations as if fully set forth herein.

34. Hudson entered into a General Agent Contract with Baltimore Life requiring Hudson to indemnify Baltimore Life against any claims which Baltimore Life may incur as a result of any negligent, fraudulent, or unauthorized act, or error or omission of Q3M any of its employees, agents, or officers.

35. Hudson warranted in its agreement with Baltimore Life that he and Q3M would conform to all applicable laws and regulations governing the solicitation, sale and servicing of life insurance, health insurance and annuities and that it would not use or permit on behalf of Baltimore Life an auto-dialer device for any means, or use or permit on behalf of Baltimore Life a predictive dialer device without the prior written approval from the Baltimore Life.

36. Baltimore Life has performed all conditions, covenants and promises required on

82984172v.2

its part to be performed in accordance with the terms and conditions of its agreement with Hudson.

37.  Plaintiff claims Baltimore Life violated the TCPA and MTCPA as alleged in the Complaint.

38.  Baltimore Life denies that it is responsible for violating the TCPA and MTCPA, and the claims of the Plaintiff in the Complaint as violating the TCPA and MTCPA were the responsibility of Hudson and Q3M.

39.  Baltimore Life has incurred and continues to incur defense costs arising from Plaintiff's claims, for which Hudson is responsible.

40.  Pursuant to the General Agent Contract and Sub-Agent Contract, Baltimore Life is entitled to a defense of this action by Hudson and to be reimbursed for all fees and expenses Baltimore Life incurs in the course of defending against this action.

41.  Pursuant to the General Agent Contract, to the extent that Baltimore Life is found liable to Plaintiff for damages arising from any of the claims asserted in the Complaint, which Baltimore Life denies, Hudson is liable to Baltimore Life for such damages.

## THIRD CAUSE OF ACTION
### Contractual Indemnity against Atreanua Carr

42.  Baltimore Life incorporates the foregoing allegations as if fully set forth herein.

43.  Carr entered into a Sub-Agent Contract with Baltimore Life requiring Carr to indemnify Baltimore Life against any claims which Baltimore Life may incur as a result of any negligent, fraudulent, or unauthorized act, or error or omission of Q3M any of its employees, agents, or officers.

44.  Carr warranted in her agreement with Baltimore Life that she and Q3M would conform to all applicable laws and regulations governing the solicitation, sale and servicing of life insurance, health insurance and annuities and that it would not use or permit on behalf of Baltimore

7

Life an auto-dialer device for any means, or use or permit on behalf of Baltimore Life a predictive dialer device without the prior written approval from the Baltimore Life.

45. Baltimore Life has performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of its agreement with Carr.

46. Plaintiff claims Baltimore Life violated the TCPA and MTCPA as alleged in the Complaint.

47. Baltimore Life denies that it is responsible for violating the TCPA and MTCPA, and the claims of the Plaintiff in the Complaint as violating the TCPA and MTCPA were the responsibility of Carr and Q3M.

48. Baltimore Life has incurred and continues to incur defense costs arising from Plaintiff's claims, for which Carr is responsible.

49. Pursuant to the General Agent Contract and Sub-Agent Contract, Baltimore Life is entitled to a defense of this action by Carr and to be reimbursed for all fees and expenses Baltimore Life incurs in the course of defending against this action.

50. Pursuant to the General Agent Contract, to the extent that Baltimore Life is found liable to Plaintiff for damages arising from any of the claims asserted in the Complaint, which Baltimore Life denies, Carr is liable to Baltimore Life for such damages.

WHEREFORE, Baltimore Life respectfully requests that this Court enter an order declaring that Baltimore Life is entitled to be fully indemnified by Q3M Insurance Solutions, LLC, Robert Hudson, and Atreanua Carr jointly and severally and that Q3M Insurance Solutions, LLC, Robert Hudson, and Atreanua Carr are responsible for defending Baltimore Life against Plaintiff's allegations and for bearing the cost of such defense, and any such other relief as this Court deems just and proper.

**THE BALTIMORE LIFE INSURANCE COMPANY**

/s/ Cynthia Maskol
Cynthia L. Maskol
Bar No. 25390
Wilson Elser Moskowitz Edelman & Dicker LLP
500 East Pratt Street, Suite 600
Baltimore, MD 21202 -3173
410.962.5288 (Direct)
410.539.1800 (Main)
410.962.8758 (Fax)
cynthia.maskol@wilsonelser.com

Thomas J. Cunningham (*pro hac vice pending*)
561-820-0201 (Direct)
tcunningham@lockelord.com
Steven J. Brotman (*pro hac vice pending*)
561-820-0214
Steven.brotman@lockelord.com
Locke Lord LLP
777 South Flagler Dr.
Suite 215 East Tower
West Palm Beach, FL 33401

DATED: July 29, 2020

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 29th day of July, 2020, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

/s/ Cynthia Maskol

9

82984172v.2